**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                    No. 98-4544

JOSEPH LAMPKIN,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-98-84)

Submitted: August 5, 1999

Decided: August 12, 1999

Before MURNAGHAN and MOTZ, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert L. Jenkins, Jr., BRODNAX & JENKINS, Alexandria, Virginia, for Appellant. Helen F. Fahey, United States Attorney, James G. Duncan, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Joseph Lampkin appeals his conviction for assault of a correctional officer. Lampkin asserts that the district court abused its discretion by limiting the impeachment of defense witness Robert Green. Finding no reversible error, we affirm.

Green testified that, although he was in the vicinity, he did not see the incident for which Lampkin was convicted. At trial, the court prevented defense counsel from questioning Green regarding a prior conversation between Green and counsel and from introducing the testimony of Ronald Wynn. According to defense counsel, Green had previously informed counsel that Lampkin was only defending himself, and Wynn would likewise testify that Green told him that Lampkin was acting in self-defense.

We find that the district court did not err. Because Green testified that he did not remember the incident, his testimony was not damaging to Lampkin. Therefore, while Lampkin accurately asserts that the proffered hearsay testimony by Green and Wynn would have been admissible only for impeachment purposes, impeachment of Green would not have aided Lampkin. See United States v. Ince, 21 F.3d 576, 581 (4th Cir. 1994) (where testimony does not affirmatively damage case, impeachment evidence has no probative value). Further, the content of the alleged prior inconsistent statements directly supported Lampkin's testimony that he was merely defending himself. Thus, there was a substantial likelihood that the jury would have had difficulty confining use of the hearsay evidence to impeachment. See id. at 580-81. Finally, because Green's testimony did not harm Lampkin's case, any error in preventing impeachment of Green was harmless. See United States v. Morison, 844 F.2d 1057, 1078 (4th Cir. 1988) (error in the district court's evidentiary rulings is subject to the harmless error test).

2

Accordingly, we affirm Lampkin's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3